[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15790
Non-Argument Calendar

_____

D.C. Docket Nos. 1:16-cv-02339-TWT.
1:00-cr-00165-TWT-ECS-1

ANTHONY BERNARD HARRIS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 18, 2018)

Before WILSON, NEWSOM, and FAY, Circuit Judges.

PER CURIAM:

This case is identical to *Beeman v. United States*, 871 F.3d 1215 (11th Cir.

2017), in every material respect—it presents the same issues and involves the same

lawyers (on both sides) making the same arguments about the same statutes. It is thus, not surprisingly, controlled by *Beeman*. The facts are known the parties and counsel; we will not repeat them here except as necessary.

The district court denied as untimely Anthony Bernard Harris's 28 U.S.C. § 2255 motion to vacate his sentence on the ground that Harris had raised a claim only under *Descamps v. United States*, 570 U.S. 254 (2013)—which, applying our precedent, the court concluded did not restart the one-year statute of limitations that governed Harris's motion. Previously, Harris was convicted of being a felon in possession of a firearm under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §§ 922(g)(1) and 924(e). He was determined to be an armed career criminal based, in part, on a prior Georgia conviction for aggravated assault. On appeal, Harris argues that he raised a timely claim not under *Descamps*, but rather under *Johnson v. United States*, 135 S. Ct. 2551 (2015)—which we have held *does* restart the one-year clock.

We review *de novo* the district court's determination that a § 2255 motion is time-barred. *Drury v. United States*, 507 F.3d 1295, 1296 (11th Cir. 2007). Regardless of the ground stated in the district court's order or judgment, we may affirm on any basis supported by the record. *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016).

2

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for filing a § 2255 motion, which runs from the latest of four triggering events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). It is the movant's burden to show that he filed his motion within one of the four one-year limitation periods. *See Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015) (holding that the movant has the burden of providing entitlement to relief in a habeas proceeding). The § 2255(f) statute of limitations "requires a claim-by-claim approach to determine timeliness." *Beeman*, 871 F.3d at 1219 (quotation omitted). Thus, if a movant asserts that his § 2255 motion is timely because he filed it within one year of a Supreme Court's issuance of a decision recognizing a new right made retroactive to cases on collateral

3

review, "we must determine whether each claim asserted in the motion depends on that new decision." *Id.*

Normally, a conviction for being a felon in possession of a firearm or ammunition carries a statutory maximum sentence of ten years. *See* 18 U.S.C. §§ 922(g), 924(a)(2). If, however, a defendant who is convicted of those offenses already has three or more convictions for a "violent felony" or a "serious drug offense," the ACCA provides that he must be sentenced to at least 15 years of imprisonment. *Id.* § 924(e)(1). In 2001, when Harris was sentenced, the ACCA defined "violent felony" as follows:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i)   has as an element the use, attempted use, or the threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

*Id.* § 924(e)(2)(B). The first prong is known as the "elements clause." *Beeman*, 871 F.3d at 1218 (quotation omitted). The second prong comprises the "enumerated offenses clause" and the "residual clause." *Id.* (quotation omitted).

In *Johnson*, the Supreme Court held that a defendant's sentence cannot be increased using the ACCA's residual clause because it is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. The Court severed the residual clause from the

4

remainder of § 924(e), however, clarifying that its decision did "not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* Later the Supreme Court held that the new right recognized by *Johnson* applied retroactively to cases on collateral review. *See Welch v. United States,* 136 S. Ct. 1257, 1264-65 (2016). Accordingly, the *Johnson* decision qualifies as a triggering date under § 2255(f)(3).

In contrast, *Descamps*, which held that sentencing courts may not apply the so-called "modified categorical" approach to determine if a conviction is a "violent felony" under the ACCA's elements clause when the crime of conviction has a "single, indivisible set of elements," does not qualify as a triggering date under § 2255(f)(3). *See Descamps*, 570 U.S. at 258. Although we have held that the *Descamps* decision applies retroactively to cases on collateral review, we emphasized that *Descamps* did *not* establish a new right. *See Mays v. United States*, 817 F.3d 728, 733-34 (11th Cir. 2016); *see* 28 U.S.C § 2255(f)(3).

In *Beeman*, we explained that whereas a "*Johnson* claim contends that the defendant was sentenced as an armed career criminal under the residual clause," a "*Descamps* claim asserts that the defendant was incorrectly sentenced as an armed career criminal under the elements or enumerated offenses clause." *Beeman*, 871 F.3d at 1220. We held that the defendant there, who (like Harris here) challenged his conviction for Georgia aggravated assault as an ACCA predicate offense,

raised both a *Descamps* claim and a *Johnson* claim. *Id.* Specifically, we held that, although the defendant there (like Harris) focused heavily on his argument that the *Descamps* decision meant that his Georgia conviction for aggravated assault could no longer qualify as a violent felony under the elements clause, he also argued (as does Harris) that the district court relied on the residual clause to find that his aggravated-assault conviction qualified as an ACCA violent felony. *Id.* We thus affirmed the district court's determination that, to the extent the defendant raised a *Descamps* claim, that claim was untimely. *Id.* We held, however, that the defendant had also raised a *Johnson* claim that was timely under § 2255(f)(3). *Id.* at 1220-21.

As to the merits of the *Johnson* claim, we concluded that the defendant had failed to carry his burden of proving that the residual clause "actually adversely affected the sentence he received." *Id.* at 1221. We held that "[t]o prove a *Johnson* claim, the movant must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence." *Id.* at 1221-22. We explained that, "[i]f it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." *Id.* at 1222. In so holding, we rejected the defendant's premise that a *Johnson* movant meets his burden

unless the record affirmatively shows that the district court relied on the ACCA's elements clause. *Id.* at 1223. Because the defendant there had conceded that there was nothing in the record demonstrating that the district court relied only on the residual clause, and because our own review confirmed as much, we held that the defendant's *Johnson* claim was due to be denied because he had failed to carry his burden of proof. *Id.* at 1224-25.

Here, as an initial matter, the government correctly concedes that Harris (like Beeman before him) raised both a *Descamps* claim and a *Johnson* claim in his § 2255 motion. In his § 2255 motion, Harris argued that, under *Descamps*, the applicable portion of the Georgia aggravated-assault statute was non-generic and indivisible because it provided that to commit aggravated assault, a person must commit assault with a "deadly weapon or with any object, device, or instrument" that, when used against a victim, is likely to or actually does result in serious bodily injury. As to his *Descamps* claim, the district court properly denied Harris's § 2255 motion as untimely, because Harris was convicted in 2000 and first raised the *Descamps* claim in 2016, and because, as already explained, *Descamps* does not qualify as a triggering date under § 2255(f). *See* 28 U.S.C. § 2255(f)(1), (3); *Beeman*, 871 F.3d at 1220.

But Harris (again, like Beeman) also raised a *Johnson* claim; he argued that his Georgia aggravated-assault conviction no longer qualified as a violent felony

under the ACCA because the residual clause is unconstitutionally vague, and that "in recent years, the Eleventh Circuit has been using the residual clause as a default home for many state statutes that might otherwise have been counted under the elements or enumerated crimes clauses."   Harris's *Johnson* claim was timely because he filed his § 2255 motion two days before the one-year anniversary of the *Johnson* decision, which (unlike *Descamps*) does qualify as a triggering date under § 2255(f).  *See* 28 U.S.C. § 2255(f)(3); *Johnson*, 135 S. Ct. at 2551; *Beeman*, 871 F.3d at 1220.

Nevertheless, as in *Beeman*, Harris failed to prove that it was more likely than not that it was use of the residual clause that led to the sentencing court's enhancement of his sentence.  *See Beeman*, 871 F.3d at 1221-22.  In his appellate brief, Harris concedes (as did Beeman) that the sentencing court was silent as to whether it found the Georgia aggravated-assault conviction to be an ACCA predicate offense under the residual clause or the elements clause.  And as was the case in *Beeman*, the record is similarly silent as to that issue; neither the PSI nor the district court at sentencing explained or indicated in any way whether the ACCA enhancement applied because Georgia aggravated assault was a violent felony under the ACCA's elements clause or residual clause.  *See Beeman*, 871 F.3d at 1224-25.  In *Beeman*, we squarely rejected the argument that Harris now makes—namely, that a *Johnson* movant meets his burden of showing a right to

seek a merits ruling on his § 2255 "unless the record affirmatively shows that the district court relied upon the ACCA's elements clause." *Beeman*, 871 F.3d at 1223. Accordingly, given the record here, Harris's *Johnson* claim is due to be denied because he failed to carry his burden of proving that it was more likely than not that he was sentenced as an armed career criminal under the ACCA's residual clause. We may affirm on any ground supported by the record. *See Castillo*, 816 F.3d at 1303.[1]

**AFFIRMED.**

---

[1] Given our holdings that Harris's *Descamps* claim was properly denied as untimely and that his *Johnson* claim fails on the merits, we need not address his separate argument that his Georgia aggravated-assault convictions do not qualify as violent felonies under the ACCA's elements clause.